No. 14-10857

───────────────────────────────────────

𝔍𝔫 𝔱𝔥𝔢
𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
𝔉𝔬𝔯 𝔱𝔥𝔢 𝔉𝔦𝔣𝔱𝔥 𝔠𝔦𝔯𝔠𝔲𝔦𝔱

─────────────────────────────────────────────────

RALPH S. JANVEY,
*Plaintiff – Appellee*

v.

JAMES R. ALGUIRE, VICTORIA ANCTIL, TIFFANY ANGELLE, SYLVIA
AQUINO, JONATHAN BARRACK, MARK TIDWELL, CHARLES RAWL,
SUSANA ANGUIANO, TERAL BENNETT, LORI BENSING, SUSANA
CISNEROS, RON CLAYTON, JOHN D. ORCUTT, et al.,
*Defendants – Appellants*

───────────────────────────────────

CONSOLIDATED WITH 14-10945

RALPH S. JANVEY, in his capacity as Court-Appointed Receiver for the Stanford
International Bank Limited, et al.,
*Plaintiff – Appellee*

v.

ORESTE TONARELLI,
*Defendant – Appellant*

───────────────────────────────────

CONSOLIDATED WITH 14-11014

RALPH S. JANVEY, in his capacity as Court-Appointed Receiver for the Stanford
International Bank Limited, et al.,
*Plaintiff – Appellee*

v.

JUAN ALBERTO RINCON,
*Defendant – Appellant*
_____

CONSOLIDATED WITH 14-11093

RALPH S. JANVEY, in his capacity as Court Appointed Receiver for the Stanford
International Bank Limited, et al., OFFICIAL STANFORD INVESTORS
COMMITTEE,
*Plaintiffs – Appellees*

v.

LUIS GIUSTI,
*Defendant - Appellant*
_____

On Appeal from Case No. 3:09-CV-724
In the United States District Court
Northern District of Texas, Dallas Division
_____

**BRIEF OF APPELLANT CHARLES W. RAWL**
_____

Mike O'Brien
MIKE O'BRIEN, P.C.
14355 Highway 105
Washington, TX 77880
(713) 222-0088 Telephone
(713) 222-0888 Fax
mike@moblaw.com

*ATTORNEY FOR APPELLANT CHARLES W. RAWL*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. R. 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Kevin M. Sadler
Robert I. Howell
David T. Arlington
Scott D. Powers
BAKER BOTTS L.L.P.
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701-4078

Timothy S. Durst
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980

Richard B. Roper, III
THOMPSON & KNIGHT LLP
1722 Routh Street
Dallas, Texas 75201

Ben L. Krage, Esq.
KRAGE & JANVEY, LLP
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201-0000

*Attorneys for Receiver Ralph S. Janvey*

David B. Reece
Mike Post
D. Thomas Keltner
J. Kevin Edmundson
Michael D. King
Steve J. Korotash
U.S. Securities & Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6682

*Attorneys for the U.S. Securities & Exchange Commission*

John J. Little
Stephen Granberry Gleboff
Little Pedersen Fankhauser
901 Main Street, Suite 4110
Dallas, Texas 75202

*Court Appointed Examiner John J. Little*

Rodney Acker
Barton Wayne Cox
Ellen B. Sessions
FULBRIGHT & JAWORSKI
200 Ross Avenue, Suite 2800
Dallas, Texas 75201

*Attorneys of Record for Pershing LLC*

J.P. Morgan Clearing Corp
One Metrotech Center North
Brooklyn, NY 11201-3859
Held or currently holds SCG customer and former employee accounts

Bradley W. Foster
Matthew G. Neilsen
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201

*Attorneys for Defendants Jim Alguire, Orlando Amaya, Victoria Anctil, Tiffany Angelle (Degeyter), Sylvia Aquino, George Arnold, Mike Arthur, Donal Bahrenburg, Brown Baine, Stephen Barber, John Barrack, Andrea Berger(Freedman), Norman Blake, Michael Bober, Nigel Bowman, Alexandre Braune, Charles Lee Brickey, Nancy Brownlee, George Cairnes, Frank Carpin, Scott Chaisson, Neal Clement, Chris Collier, Jay Comeaux, Michael Conrad, John Cravens, Patrick Cruickshank, Greg Day, Bill Decker, Mike DeGolier, Arturo Diaz, Matt Drews, Tom Espy, Jason Fair, Evan Farrell, Roger Fuller, Attlee Gaal, Gregg Gelber, Michael Gifford, Steven Glasgow, John Glennon, Ward good, Stephen Greenhaw, Billy Ray Gross, Patricia Herr, John Mark Holliday, Charles Hughes, Wiley Carter Hutchins, Jr., David Innes, Allen Johnson, Bruce Lang, Jim LeBaron, Bill Leighton, Robert (Bobby) Lenoir, Trevor Ling, Chris Long, Robert Long, Humberto Lopez, Michael Macdonald, Maria Manerba, Mike Mansur, Bert "Deems" May, Doug McDaniel, Matt McDaniel, Pamela McGowan, Lawrence Messina, Bill Metzinger, Trent Miller, Peter Montalbano, David Morgan, Jonathan Mote, Carroll Mullis, Jon Nee, Aaron Nelson, Norbert Nieuw, Scott Notowich, Monica Novitsky, Bill Peterman, Saraminta Perez, Randy Pickett, Edward Prieto, Christopher Prindle, Andrew Pritsios, Judith Quinones, Sumeet Rai, Michael Ralby, Leonor Ramirez, Nelson Ramirez, Steven Restifo, Jeff Ricks, Alan Riffle, Steve Robinson, Eddie Rollins, Rocky Roys, John Santi, Bill Scott, Haygood Seawell, Leonard Seawell, IV, Doug Shaw, Paul Stanley, Sandy Steinberg, David Heath Stephens, William O. Stone, Jr., Paula Sutton, Brent Sutton, Scott Thigpen, Christopher Thomas, Jose Torres, Al Trullenque, Audrey Truman, Roberto Ulloa, Tim Vanderver, Pete Vargas, Ed Ventrice, Maria Villanueva, Charles Vollmer, Bill Whitaker, Donald Whitley, Hunter Widener, and Tom Woolsey*

Michael J. Stanley
STANLEY, FRANK & ROSE, LLP
7026 Old Katy Road, Suite 259
Houston, Texas 77024

*Attorney for Defendants Susana Anguiano, Robert Barrett, Teral Bennett, Lori Bensing, Susana Cisneros, Ron Clayton, Don Cooper, Raymond Deragon, Abraham Dubrovsky, James Fontenot, John Fry, Mark Groesbeck, Donna Guerrero, Rodney Hadfield, Gary Haindel, Dirk Harris, Steven Hoffman, Charles Jantzi, Marty Karvelis, Grady Layfield, Jason LeBlanc, Anthony Makransky, Claudia Martinez, Janie Martinez, Aymeric Martinoia, Carol McCann, Gerardo Meave-Flores, Miguel Garces, Donald Miller, Henry Mills, Rolando Mora, Shawn*

*Morgan, Lupe Northam, Tim Parsons, J.D. Perry, Louis Perry, John Schwab, Brent Simmons, Miguel Valdez, David Whittemore, Michael Word, Ryan Wrobleske, Spencer Murchison*

Gene R. Besen
SONNENSCHEIN NATH & ROSENTHAL LLP
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201

*Attorney for Defendants Jeffrey E. Adams, Timothy W. Baughman and Thomas G. Rudkin*

Brett Feinstein
STRATTON & FEINSTEIN, P.A.
407 Lincoln Road, Suite 2A
Miami Beach, Florida 33139

*Attorney for Defendant Dulce Perezmora*

J. Pat Sadler
SADLER & HOVDESVEN, P.C.
1155 Hightower Trial, Suite 200
Atlanta, Georgia 30350

Robert L. Wright
ROBERT L. WRIGHT, P.C.
612 Eighth Avenue
Fort Worth, Texas 76104

*Attorneys for Alan Brookshire, James C. Chandley, David Braxton Gay, Gregory C. Gibson, John Grear, Jason Likens, Kale Olson, Timothy D. Rogers, Nick Sherrod, Susan Glynn and John Whitfield Wilks*

John Timothy Byrd
SMYSER KAPLAN & VESELKA, LLP
700 Louisiana, Suite 2300
Houston, Texas 77002

*Attorney for Defendant Zack Parrish*

W. Perry Zivley, Jr.
CHANDLER, MATHIS & ZIVLEY, P.C.
909 Fannin, Suite 3750
Houston, Texas 77010

*Attorney for Defendants David Wayne Krumrey and E. Randolph Robertson, Jr.*

Alexander Angueira
ALEXANDER ANGUEIRA, PLLC
7301 SW 57 Court, Suite 515
South Miami, Florida 33157

*Attorney for Defendants Daniel Hernandez, Roberto Pena and Roberto A. Pena*

Karissa K. Cottom
James M. Reed
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103-3706

*Attorneys for Defendant James Weller*

Jason W. Graham
Eric L. Jensen
GRAHAM & PENMAN, LLP
2989 Piedmont Rd NE, Suite 200
Atlanta, Georgia 30305

*Attorneys for Defendants Robert David Haggard, Julian "Brad" Bradham, Nolan Farhy, Blanca Fernandez, Virgil Harris, Nancy Huggins, Lou Schaufele, Harvey Schwartz, Steve Slewitzke and Eric Urena*

William M. Lamoreaux
900 Jackson Street, Suite 180
Dallas, Texas 75202

*Attorney for Defendant Jordan M. Estra*

Kerry C. Peterson
Matthew D. Rinaldi
MILLER, EGAN, MOLTER & NELSON, LLP
4514 Cole Avenue, Suite 1250
Dallas, Texas 75205

*Attorney for Defendant Patricio Atkinson*

John P. Kincade
WINSTEAD PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

*Attorney for Defendant Jason Green*

Laura Gibson
Linda Broocks
Leila El-Hakam
OGDEN, GIBSON, BROOCKS & LONGORIA, LLP
1900 Pennzoil South Tower
711 Louisiana
Houston, Texas 77002

*Attorneys for Defendants Gustavo A. Garcia Escalante, Robert A. Kramer, James F. Anthony, Helena M. Herrero, Nicholas P. Salas, Juan C. Riera, Giampiero Riccio, Kelley L. Hawkins, Lori Fischer, Juliana Franco, Michael Contorno, Jane E. Bates and Susan K. Jurica*

Uttam Dhillon
FITZPATRICK HAGOOD SMITH & UHL LLP
2515 McKinney Ave., Suite 1400
Dallas, Texas 75201

*Attorneys for Defendants Tony Perez and Manuel Malvaez*

D. Elaine Conway
James T. McBride
JACKSON WALKER, LLP
1401 McKinney, Suite 1900
Houston, Texas 77010

*Attorneys for Defendant Timothy Johnson*

Joseph J. Mastrogiovanni, Jr.
MASTROGIOVANNI SCHORSCH & MERSKY, PC
2001 Bryan Street, Suite 1250
Dallas, Texas 75201

*Attorney for Defendant Gail Nelson*

Tricia R. DeLeon
Janelle S. Forteza
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711

*Attorneys for Defendants Kathleen Reed, Megan Malanga, Timothy W. Summers,*
*Carter Driscoll and Jon C. Shipman*

Brett Feinstein
STRATTON & FEINSTEIN PA
407 Lincoln Road, Suite 2A
Miami Beach, Florida 33139

*Attorney for Defendant Marie Nieves*

William S. Chesney, III
William L. Van Fleet
FRANK, ELMORE, LIEVENS, CHESNEY & TURET, LLP
808 Travis Street
Suite 2600
Houston, Texas 77002-5705

*Attorneys for Defendants Robert Hogue and Nolan N. Metzger*

Stacy Williams
Charles R. Parker
LOCKE LORD BISSELL & LIDDELL, LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095

*Attorneys for Defendant David Nanes*

T.B. Nicholas, Jr.
Downs & Stanford, PC
2001 Bryan Street, Suite 4000
Dallas, Texas 75201

*Attorney for Defendant Syed Razvi*

K. B. Battaglini
STRONG PIPKIN BISSSELL & LEDYARD LLP
4900 Woodway Drive, Suite 1200
Houston, TX 77056

*Attorney for Defendant D. Mark Tidwell*

Mike O'Brien
Mike O'Brien, P.C.
14355 Highway 105
Washington, Texas 77880

*Attorney for Defendant Charles W. Rawl*

The following former employee Defendants are Pro Se:

Juan Araujo
Monica Ardesi
Mauricio Avilies
Timothy Bambauer
Isaac Bar
Elias Barbar
Marie Bautista
Oswaldo Bencomo
Marc H. Bettinger

Stephen G. Blumenreich

Fabio Bramanti

Richard Bucher

Fausto Callava

Rafael Carriles

Naveen Chaudhary

Jany Cherovetzky

Bernard Cools-Lartigue

Jose Corder

Oscar Correa

James Cox

Ken Cimmins

Shawn M. Cross

James Cross

Andres Delgado

Pedro Delgado

Ana Dongilio

Torben Garde Due

Christopher Shannon Elliotte

Sean Duffy

Neil Emery

Marina Feldman

Igncio Felise

Freddy Fiorillo

Rosalia Fontanals

Marc Gensch

Eric Gildhorn

Luis Giusti

Larry Goldsmith

Ramiro Gomez-Rincon

Joaquin Gonzales

Juan Carlos Gonzales

Vivian Guarch

John Gutfranski

Jon Hanna

Charles Hazlett

Roberto T. Helguera

Luis Hermosa

Daniel Hernandez

Alfredo Herraez

Marcos Iturriza
Faran Kassam
Joseph L. Klingen
Mayra C. Leon De Carrero
Humberto Lepage
Francois Lessard
James C. Li
Gary Lieberman
Luis Felipe Lozano
David R. Lundquist
Iris Marcovich
Carol McCann
Brent M. Milner
Hank Mills
Alberto Montero
Russ Newton
John D. Orcutt
Walter Orejuela
Alfonso Ortega
Beatriz Pena
Ernesto Pena
Brandon R. Phillips
Eduardo Picon
Arturo Prum
Maria Putz
David Rappaport
Walter Ricardo
Julio Ruelas
Peter R. Ross
Tatiana Saldivia
Christopher K. Schafer
Morris Serrero
Jordan F. Sibler
Rochelle Sidney
Brent Simmons
Peter Siragna
Nancy Soto
David M. Stubbs
Mark V. Stys
Ana Tanur

Juan Carlos Terrazas
Yliana Torrealba
Nicolas Valera
Jaime Vargas
Mario Vieira
Evely Villalon
Chris Villamarette
Frans Vingerhoedt
Daniel Vitrian
Ihab Yassine
Bernard E. Young
Leon Zaidner

Investor Defendants in Case No. 3:09-CV-724-N:

Gaines D. Adams
Wayland B. Alexander
Teresa Memun de Alfie
Algica S.A.
Patricia A. Allison
Jose Luciano Mendez Alonso
Amara Trust
Clyde Anderson
Diana B. Annison
George B. Annison
Barbara Anthony
Anthony Joseph Antinori
Steven James Antinori
Steven James Antinori, Trustee
Aristide Treloar
Michael S. Asmer
Azalea Rest Cemetery Inc.
Azalea Rest Cemetery Inc. Irrevocable Trust
BBRATSS Productions, Inc.
Joseph Becker
Oscar Benedetti
Isabel Esther Benedetti de Izquerdo
Benito De Luca Trust
Jamie Cohen Benrey
Terry Beven

Kenneth Bird
Bluff Creek Redi-Mix, Inc.
Bordeaux Investments I CV
Bordeaux Investments III C.V.
Bordeaux Investments IX C.V.
Bordeaux Investments X C.V.
James W. Boring, Jr.
Ramon Alvarez Borondo
Betty Jo Brian
Hardee M. Brian
James E. Brown, Sr.
Marsha C. Bruce
Ross D. Bruce
Robert J. Bruno
Murphy Buell
Stephen J. Burnham
John C. Buscheme
John B. Buscheme
Virginia Buscheme
Robert L. Bush
Elena Tron de Zepeda Carranza
Maruicio Zepeda Carranza
Gene Causey
Leopoldo Arosemena Cevasco
Dennis Childress
Joseph A. Chustz
Aubrey O'Neal Clement
Coffey Overseas Limited
Susan Perez de Cohen
Compania Minera Caopas Sa De CV
John D. Cooper
Corporation Nacional De Inversiones Sa De CV
Country Hill Investment, N.A.
Darrell D. Courville
Carolyn Cranston
Jodie F. Crawford
Robert B. Crawford, Jr.
Crayford Holdings Limited
Earl L. Crosby
Eugene L. Croxton, Jr.

Daniel Joseph Daigle
Jilda Ann Daigle
Tarral E. Daigle
Daneco B.V.
Davis Revocable Trust, The
William Dawson
John G. Denison
Richard A. Devall
Sue M. Devall
Difficulty Holdings Limited
Deborah Doughtery
Kenneth W. Dougherty
Michael J. Drago
David Jonathan Drew
Dorothy T. Duncan
Diana Dunn
DVX Capital
William E. Ensminger
Ayse Oya Erhan
Juergen Kurt Wagentrotz Ernst
Jose Maria Valle Escamez
Estate of James D. Simmons
Gwendolyn E. Fabre
Fayhill International
Joan A. Feucht
Richard S. Feucht
Flen Rock Company, LLC
Fleniken Sand & Gravel, Inc.
Lyman L. Flenken, Jr.
Kendall Forbes
Deborah Forbes
Betty Jo Forshag
Clarence H. Forshag
Carlos Landeros Gallegos
Maria de Jesus Landeros Gallegos
Gary D. Magness Irrevocable Trust
Genova Trust
Mary E. Gerry
Lynn Gildersleeve
Willa Mae Gildersleeve

Robert V. Gildersleeve
Gordon C. Gill
GMAG LLC
Gold Wing Partners
Angelo Victor Goncalves
Arturo Ortega Gonzalez
German Luis Ortega Gonzalez
Maria Carolina Ortega Gonzalez
Robert Graham
Jason Graham
George R. Graves, III
Alice D. Greer
James B. Greer
Robert S. Greer
Jonnie A. Griffith
Divo Milan Haddad
Sandra F. Harrell
Bette Joseph Heaslip
HMS&B, Ltd.
Herrera Holdings Ltd.
Michael R. Holcomb
John R. Holguin
Robert A. Houston
Infinitum Trust
Immofybe S.A.
Intermedia Ltd.
International Petrochemical Sales Limited
Inversiones Patrick Robert P.
Inversiones Varmol Trust
Inversiones Varmol Trust Care of Dr. Jorge Mario Vargas P.
IRM Investments, Inc.
Shenoor Jadavji
James E. Richardson Family Trust
Charles A. James
Benton b. Johnson
Jennifer Savoic Johnson
Martha Johnson
Timothy A. Johnson
William Bruce Johnson
Jonathan Larkin Stock Trust

Edward Hylton Jones
Shirley Gloria Jones
Tahsin Yilmaz Kalkavan
Kirkwell C.V.
Dennis L. Kirby
Kerry R. Kling
Krimich Ltd.
Roberto Gallardo Kuri
Teresa Michelle Lamke
Brett Landers
Don Landers
Phillip E. Lankford, Jr.
Dennis Lantrip
Jonathan Larkin
Felix Mario Hernandez Larrocoecha
James Ronald Lawson
Laura Jeanette N. Lee
Emma Lee Lefebvre
Audrey A. Letard
John O. Letard
Troy L. Little, Jr.
Brian U. Loncar
Sue A. Loncar
Lupe Martinez Trust
Lusky Investment Partnership, LP
Lyda D. Tymiak Family Trust
Gary Magness
Magness Securities, LLC
Malton Overseas, Ltd.
Antony Mansour
Rehan Mansour
Gail G. Marquette
Numa L. Marquette
Ron Marsten
Susan Marsten
Marie Rochelle Sidney Martinez
Maria de Lourdes Martinez de Sidney
Charlie L. Massey
Robert Gray Matlock
Denise T. McKenzie

Kevin A. McKenzie
Billie Ruth McMorris
Ronald B. McMorris
Virginia McMorris
Dot G. Melder
Jack W. Melder
Raul Rodriguez Mendez
Henry A. Mentz, III
Fancoise Solange Mery
Josephine Mery
Herman J. Milligahn, Jr.
Mississippi Polymers, Inc.
Samuel R. Moore
Martha W. Moore
Peggy Payne Moragne
Thomas J. Moran
J. Russell Mothershed
Muddy Water Holdings Ltd.
Murfield Investments, Inc.
Nairc B.V.
Nairc-Netherlands Antillean Ins.
Nairc-Netherlands Antillean Ins and Reinsurance Company
Eduardo Najera
Jennifer Najera
Alnoor Nathoo
Claude M. Needham
Francis Nezianya
Angel Delio Nieuw
Maria P.C. Nieuw-Cael
Nonna E Trust
Norfe S.A.
Maria Del Rocio Coronoa Odriozola
Arthur Ordoyne
Bennie O'Rear
Claudia O'Rear
Edgar Theron Overland
Geneva Sue Palmer
Robert E. Palmer
Anthony G. Parker
Ronald W. Parker

Gerald S. Pasternak
Mary Ann Paternostro
Louise D. Patterson
Hannah Kay Peck
Larry W. Perkins
Monty M. Perkins
Patrick Loris Roger Petiot
Patrick Petiot
Pingyi He
Pingyi He Orrulian Wu De He
Pinot Holdings Limited
Jane M. Pridgen
William C. Provine
Provence Management Stichting I
Provence Management Stichting III
Provence Management Stichting IX
Provence Management Stichting X
Pupbubi Trust
Jeff P. Purpera, Jr.
Jimmy Quebedeaux
Juanita Quinealty
Radium Company, Ltd.
Antonio Sanchez Ramos
Alberto Javier Botello Reed
Regions Bank, as Trustee for LPFA II City Plaza Project Series 2008
and II City Plaza LLC
Rose S. Ricketts
Timothy Russell Ricketts
Dolores May Payer Rollar
George Joseph Rollar
Franz Konrad Rosenhaus
Salomon Dondich Rosenhus
Mario Braun Russek
Charles R. Sanchez
Mamie C. Sanchez
Charles R. Sanchez, Sr.
Saxonia Foundation
SEI Private Trust Company
Judith P. Simmons
James D. Simmons

Thomas W. Slaughter
Sleeping Dog Holdings, Ltd.
Archie Smith
Larry N. Smith
Charles E. Smith
Sociedad General de Inversiones
Robert Soule
Michael A. Speeg
James Stegall
Carol Stegall
Stichting Particulier Fonds El Tributo
Bruce Stone
Walter Stone
TA Trust
Silvia Guadalupe Tamez de Botello
John E. Taylor
Tebel Corporation
The Anthony Joseph Antinori Trust
The Second Amended and Restated Robert A. Houston Revocable Trust
The Steven James Antinori Trust
Bruce Thompson
Michelle Thompson
Michael J. Timmons
David Topp
Dora Topp
Arthur Torno
Jorge Emilio Garza Trevino
Eric Tucker
Jennifer Tucker
Terry N. Tullis
Thomas H. Turner
Lyda D. Tymiak
Maria Teresa San Sabastian De Valle
Ron Valentine
Judy A. Varnado
Atnhony Ventrella
Galo Enrique Villamar Villafuerte
Claudio Enrique Henandez Villalobos
Ines de Villamar
Jose Alberto Romero Viloria

Donna M. Vines
Juergen Kurt Wagentrotz
Waldman, ltd.
Olivia S. Warnock
Emolyn L. Watts
Edith Irma Watts
Arthur R. Waxley, Jr.
Carl M. Webb, III
Luther D. Wells
Ronald E. Wells
Ronald E. Wells, Sr.
West Meadows Ltd.
Betty Wheatley
Michael Wheatley
Charles L. White
Sharon Whitmer
Bobby G. Wilkerson
Kenneth Wilkewitz
Robert C. Williams
John E. Wilson
Risia Topp Wine
Matha Witmer
Gary Wood
Yenzo Investment, Inc.
Dorothea M. Young
Robert Young
Young Family Cemetery Trust
Robert Young, Jr.

*/s/ Mike O'Brien*
_____

Mike O'Brien

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, Charles W. Rawl, believes that oral argument will be helpful in clarifying the issues presented on appeal, and therefore requests oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(1) and Fifth Circuit Rule 28.2.3.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT .......................................... xxi

TABLE OF CONTENTS ...................................................................... xxii

TABLE OF AUTHORITIES ............................................................... xxiii

STATEMENT REGARDING JURISDICTION ...................................................1

STATEMENT OF THE ISSUES.............................................................1

STATEMENT OF THE CASE...............................................................2

SUMMARY OF THE ARGUMENT .......................................................4

ARGUMENT AND AUTHORITIES......................................................5

I.   The Receiver "Stands in the Shoes" of Stanford and is Bound by the Agreements Requiring Arbitration......................................................5

   a.   Rawl's arbitration agreement with Stanford was not an "executory contract"7

   b.   There is No Inherent Conflict Between the FAA and the Underlying Purposes of the Federal Equity Receivership.................................11

II.  The Collateral Estoppel Doctrine and Equity Preclude Re-Litigation  of the Arbitration Clause and The Arbitrability of the Receiver's Claims  Against Rawl .......................................................................................13

   a.   Each element of Collateral Estoppel is Satisfied. ..........................13

      1. The Receiver and Stanford are the same party under this Court's precedent14

      2. The issue of a valid arbitration and its scope was fully and fairly litigated. .15

      3. The issue of arbitrability was essential to the prior judgment. ......................17

CONCLUSION ...................................................................................18

CERTIFICATE OF SERVICE .............................................................20

CERTIFICATE OF COMPLIANCE......................................................23

ECF CERTIFICATIONS.....................................................................24

# TABLE OF AUTHORITIES

## Cases

*14 Perm Plaza LLC v. Pyett*,
  556 U.S. 247, 129 S.Ct. 1456 (2009) .....................................................8

*Barker v. Halliburton Co.*,
  541 F.Supp. 2d 879 (S.D. Tex. 2008).................................................12

*Bradberry v. Jefferson County, Texas*,
  732 F.3d 540 (5th Cir. 2013) ..............................................................14

*CMH Manufacturing, Inc. v. The Warrior Group*,
  2014 WL 3421000 (W.D. Tex. 2014) ..................................................18

*Dean Witter Reynolds Inc. v. Byrd*,
  470 U.S. 213, 105 S.Ct. 1238 (1985) ..................................................11

*Ellis v. Schlimmer*,
  339 S.W.3d 860 (Tex. 2011) (per curiam) ...........................................6

*Gill v. Jim Walter Homes of Louisiana, Inc.*,
  187 F.Supp.2d 618 (W.D. La. 2002) ..................................................12

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20, 111 S.Ct. 1647 (1991) .....................................................9

*Green Tree Fin. Corp.-Ala. V. Randolph*,
  531 U.S. 79, 121 S.Ct. 513 (2000) .......................................................9

*Hays & Co. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
  855 F.2d 1149 (3d Cir. 1989) .............................................................10

*In re Stanford Group Co.*,
  273 S.W.3d 807 (Tex. App.—Houston [14th Dist.] 2008, no pet.) .. 2,13,14,15,17

*Janvey v. Alguire*,
  539 F.App'x 478 (5th Cir. 2013), cert. denied, 134 S.Ct. 2871 (2014) ...........3,14

*Javitch v. First Union Sec. Inc.*,
   315 F.3d 619 (6th Cir. 2003) ...............................................................12

*John G. Marie Stella Kennedy Mem'l Found. v. Dewhurst*,
   90 S.W.3d 268 (Tex. 2002) ..................................................................13

*Kariuki v. Taranjo*,
   709 F.3d 495 (5th Cir. 2013) ...............................................................14

*Liberte Capital Group, LLC v. Capwill*,
   462 F.3d 543 (6th Cir. 2006) ...............................................................10

*Life of America Ins. Co. v. Aetna Life Ins. Co.*,
   744 F.2d 409 (5th Cir. 1984) ...............................................................6

*Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*,
   473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) .............................. 5,8,9,11

*Moran v. Svete*,
   366 Fed. App'x 624 (6th Cir. 2010) ......................................................12

*Moses H. Cone Memorial Hospital v. Mercury Constr. Co.*,
   460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ................................5

*Nat'l Credit Union Admin. Bd. v. Lomet Comm. Fed. Credit Union*,
   2010 WL 4806794 (N.D. Ohio Nov. 18, 2010) ...................................10

*Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*,
   892 F.2d 1066 (D.C. Cir. 1990)...........................................................11

*Paper, Allied Indus. Chem. & Energy Workers Int'l Union, Local 4-12 v. Exxon Mobile Corp.*, 657 F. 3d 272 (5th Cir. 2011) ........................................6

*Prudenital Sec. Inc. v. Marshall*,
   909 S.W.2d 896 (Tex. 1995) .................................................................5

*Rodriguez de Quijas v. Shearson/Am. Express, Inc.*,
   490 U.S. 477, 109 S.Ct. 1917 (1989) ...................................................9

*Shearson/Am. Exp., Inc. v. McMahon*,
  482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) ..........................................9

*Trefny v. Bear Steans Sec. Corp.*,
  243 B.R. 300 (S.D. Tex. 1999)............................................................................10

*U.S. Small Bus. Admin. v. Coqui Capital Mgmt.*,
  2008 WL 4735234 (S.D. N.Y. 2008) ..................................................................12

## STATEMENT REGARDING JURISDICTION

In *Janvey v. Alguire, et al.*, 539 Fed. App'x. 478, 480 (5th Cir. 2013), cert. denied, 134 S.Ct. 2871 (2014), this Court held that the Receiver lacked standing to bring claims against former employees on behalf of creditors, and reversed and remanded for the district court to decide "whether the Receiver is bound by the arbitration clause if he sues, as he must, on behalf of the Stanford entities." On remand, the district court entered an order on July 30, 2014 denying the motions to compel arbitration. [ROA.14-10857.16170-16218.] This is an interlocutory appeal from the order [ROA.14-10857.16170-16218] denying Rawl's Amended Motion to Compel Arbitration. [ROA.14-10857.15528-15535.] Appeal is taken pursuant to 9 U.S.C. §16(a) (appeal may be taken from an order denying a petition under §4 to order arbitration to proceed). Rawl timely perfected a Notice of Appeal on August 4, 2014. [ROA.14-10857.16226-16227.]

## STATEMENT OF THE ISSUES

1.  Whether the District Court has Discretion Under the Federal Arbitration Act to Decline to Enforce Valid Arbitration Agreements.

2.  Whether the doctrine of collateral estoppel precludes the Receiver's re-litigation of the arbitrability of the Receiver's claims against Rawl.

## STATEMENT OF THE CASE

As the district court noted in its Order denying Rawl's Motion to Compel Arbitration [ROA.14-10857.16173], this Court is no stranger to the Receiver's attempts to avoid arbitration.[1]

On December 18, 2009, the Receiver filed its Second Amended Complaint seeking "disgorgement" of compensation Rawl received from Stanford under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). [ROA.14-10857.1794-1819.] In response, Rawl filed a Motion to Dismiss and Motion to Lift Injunctive Order and Resume Arbitration Proceeding [ROA.14-10857.4165-4168] ("Rawl's first motion"). Rawl's first motion requested that the Preliminary Injunctive Order be lifted so that Rawl could resume the FINRA Arbitration Case No. 08-00138 already initiated by Stanford. *Id.* In the FINRA arbitration proceeding, Stanford was seeking to recover "the sum of all amounts due under the notes," "disgorgement of the bonus," and "disgorgement of all compensation." Rawl's first motion. [ROA.14-10857.4165-4168.] Rawl's first motion also pointed out that the arbitrability of Stanford's claims against Rawl had previously been decided in prior state court litigation, citing *In re Stanford Group Co.*, 273 S.W.3d 807

---

[1] For ease of reference, Charles W. Rawl will be referred to as "Rawl," and the former financial advisors at Stanford Group Company as "the employee defendants." Stanford Group Company, and the related Receiver entities, will be referred to as "Stanford," unless identified separately. Stanford International Bank, Ltd. will be referred to as "SIB."

2

(Tex. App.—Houston [14th Dist.] 2008, no pet.).  The district court denied Rawl's first motion. [ROA.14-10857.7019.] An appeal was taken by certain employee defendants, and in *Janvey v. Alguire*, 539 F. App'x. 478 (5th Cir. 2013), <u>cert. denied</u>, 134 S.Ct. 2871 (2014), this Court reversed and remanded to the district court to decide "whether the Receiver is bound by the arbitration clause if he sues, as he must, on behalf of the Stanford entities." *Janvey v. Alguire*, 539 F. App'x. at 480.

On January 12, 2014, Rawl reurged his Motion to Compel Arbitration through his Renewed and Amended Motion to Compel Arbitration and Motion to Dismiss Receiver's Complaint. [ROA.14-10857.15528-15535.]

The Receiver responded with its own brief principally arguing that SIB was not a signatory to the agreements containing the arbitration clauses (*i.e.* promissory notes and Forms U-4). [ROA.14-10857.15565-15598.] Rawl filed his reply brief on March 6, 2014.  [ROA.14-10857.15656-15659.] After additional briefing by both sides, the district court issued its Order on July 30, 2014 denying employee defendants' Motions to Compel Arbitration [ROA.14-108571.16170-16218.]

In the case of Rawl specifically, the district court acknowledged the distinctive feature of Rawl's prior FINRA arbitration proceeding, compelled by the Houston Court of Appeals decision in *Stanford Group Co.*, but nevertheless

concluded that collateral estoppel did not apply.  [ROA.14-10857.16170-16218.]
This appeal ensued.

## SUMMARY OF THE ARGUMENT

The Receiver, standing in the shoes of the receivership entities, not the creditors, must arbitrate his claims pursuant to Rawl's written arbitration agreement with Stanford.  While the district court rejected the Receiver's attempt to avoid arbitration by arguing that Stanford Group Company, not SIB, was the signatory to the agreements to arbitrate, the district court divined a supposed conflict between arbitration under the Federal Arbitration Act (FAA), and the purposes of a federal law receivership.

Faced with a valid agreement to arbitrate, covering the Receiver's claims against Rawl, and the other employee defendants, the Receiver's burden is to prove that arbitration is overridden and superseded by contrary congressional intent justifying deviance from the FAA.  The Receiver failed to discharge its burden.

The district court's reliance on general powers of a receivership to justify denial of arbitration is contrary to the majority of cases addressing this issue, and is an unwarranted exception to the strong presumption favoring arbitration under both federal and state law.  Likewise, engrafting bankruptcy law to defeat arbitration is no more availing to the Receiver than general receivership law.  Bankruptcy law is largely controlled by broad and detailed statutes in sharp

contrast to an equity receivership which derives its authority from common law powers of equity. Although the Receiver opines that the law is "sparse" on this issue, the courts addressing this issue do not agree with the district court's conclusion. Arbitration of this dispute between the Receiver and the former employees, like Rawl, is mandated by state and federal law. The district court erred in denying Rawl's Motion to Compel Arbitration.

Moreover, as a separate and independent ground for reversal, the doctrine of collateral estoppel precludes the relitigation of the arbitrability of the written agreements between Rawl, and the Receiver, standing in the shoes of Stanford. Each element of collateral estoppel is satisfied on this record.

## ARGUMENT AND AUTHORITIES

### I.    The Receiver "Stands in the Shoes" of Stanford and is Bound by the Agreements Requiring Arbitration.

It is axiomatic that arbitration must be compelled if the claims at issue are within the scope of a valid arbitration agreement. The rule is the same under both federal and state law. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995); *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). It is also black letter law that public policy strongly favors arbitration agreements. *Moses H. Cone Memorial Hospital v. Mercury Constr. Co.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Life*

*of America Ins. Co. v. Aetna Life Ins. Co.*, 744 F.2d 409, 413 (5th Cir. 1984) (describing public policy favoring arbitration as "overwhelming"). This Court reviews de novo a district court's denial of a Motion to Compel Arbitration and Stay Litigation. *Paper, Allied Indus. Chem. & Energy Workers Int'l Union, Local 4-12 v. Exxon Mobile Corp.*, 657 F.3d 272, 275 (5th Cir. 2011).

Once a party seeking arbitration proves an agreement to arbitrate, the strong presumption favoring arbitration arises, and the burden shifts to the party opposing arbitration to raise an affirmative defense to the agreement's enforcement. *Ellis v. Schlimmer*, 339 S.W.3d 860, 862 (Tex. 2011) (per curiam). Importantly, the Receiver does not dispute, as the district court acknowledges, that the Receiver's claims are encompassed by the arbitration agreements involved, or that the arbitration agreements are invalid under state law. (ROA.14-10857.16170-16218, fn. 15.] In fact, over the whole history of the Motions to Compel Arbitration, the Receiver never challenged the existence, validity or scope of the arbitration agreements. Having lost its main argument on creditor standing, the Receiver attempted to avoid arbitration by arguing that SIB is not bound as a non-signatory to the arbitration agreements. However, the district court correctly concluded that the Receiver, when acting on behalf of the Stanford entities, does so "as a single entity," *Id.*, and that the "Receiver is bound by the arbitration agreements even if a non-signatory." [ROA.14-10857.16182.]

Despite correctly deciding that the Receiver is bound to the arbitration agreements, "to the same extent" that Stanford would be bound, *Id.* p. 16185, the district court embarked on an uncharted course to "use the much larger body of law present in bankruptcy [law]…" to decide whether arbitration should be compelled. *Id.* p. 16178.

Erroneously characterizing the arbitration agreement between Stanford and Rawl as an "executory contract," the district court created "out of whole cloth" a new exception to mandatory arbitration when a federal receiver is appointed. There is no sound rationale or legal precedent to justify the unwarranted departure from well-established arbitration law. Additionally, the district court erred in alternatively holding that the federal receivership law overrides the strong presumption favoring arbitration. As shown below, either basis for denying Rawl's Motion to Compel Arbitration was error as a matter of law.

### a. Rawl's arbitration agreement with Stanford was not an "executory contract."

As its first ground for denying arbitration to the employee defendants, the district court, borrowing from bankruptcy law, ruled that the arbitration agreements were "executory contracts," which have been "rejected" by the Receiver (ROA.14-10857.16186-16195.) In Rawl's case, the arbitration agreement is not "executory" for several reasons.

7

First, the district court's reasoning that the Rawl arbitration agreement is "executory" under either a material breach or functional test, is circuitous logic. The Receiver was appointed pursuant to an SEC enforcement action for violation of federal securities law. The Receiver did not invoke the jurisdiction of the district court under any provision of the Bankruptcy Code, nor did the Receiver assert any claims under the Bankruptcy Code. The facile use of bankruptcy law when it facilitates the Receiver's position is reminiscent of the position the Receiver took on the standing issue. Simply put, there is no legal justification to impose bankruptcy law, designed to address the statutory rights provided by Title 11, on arbitration law.

Our Supreme Court has cautioned against such piecemeal attacks on arbitration. To avoid arbitration, the Receiver must establish from the existing statutory framework that Congress intended to preclude arbitration of an equity receiver's claims. Congress has not done so, and it would be error to carve out a pro-receiver policy without a Congressional mandate. *See 14 Perm Plaza LLC v. Pyett*, 556 U.S. 247, 267, 129 S.Ct. 1456, 1470 ("[I]n light of the radical change, over two decades, in the Court's receptivity to arbitration, reliance on any judicial decision similarly littered with *Wilko's* overt hostility to the enforcement of arbitration agreements would be ill advised."); *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626-27, 105 S.Ct. 3346 (1985) ("we are well

past the time when judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals inhibited  the development of arbitration as an alternative means of dispute resolution.").

Since *Mitsubishi Motors*, the Supreme Court has repeatedly upheld arbitration of claims grounded on federal statutory rights unless the federal statute *explicitly* precludes arbitration (*i.e.*, the first prong of the *McMahon* test).  *See, e.g. Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 88-92, 121 S.Ct. 513, 520-23 (2000) (Court upheld arbitration of claims brought under the Truth in Lending Act); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35, 111 S.Ct. 1647, 1657 (1991) (Court upheld arbitration of claims brought under the Age Discrimination and Employment Act); *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484-86, 109 S.Ct. 1917, 1921-22 (1989) (Court upheld arbitration of claims brought under the Securities Act of 1933); *McMahon*, 482 U.S. at 238, 242 (Court upheld arbitration of claims brought under the Securities Exchange Act of 1934 and Racketeer Influenced and Corrupt Organization Act); *Mitsubishi Motors,* 473 U.S. at 628-40 (Court upheld arbitration of claims brought under the Sherman Act).

Bankruptcy proceedings are governed by Title 11 of the United States Code ("Bankruptcy Code") whereby "Congress has spoken by setting forth broad and derailed statutes to guide federal courts in disposition of such cases." *Liberte*

*Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). Congress has not excepted receivership proceedings from its preference for arbitration, and a bankruptcy analysis should not be employed to deny arbitration of the Receiver's claims. *See e.g. Nat'l Credit Union Admin. Bd. v. Lomet Comm. Fed. Credit Union*, 2010 WL 4806794 at *4 (N.D. Ohio November 18, 2010) (declining to analogize the Federal Credit Union Act to the Bankruptcy Code because of the significantly different statutory schemes).

Secondly, in Rawl's case, it is not a fair characterization to say that arbitration was "executory" since arbitrability was already decided, the arbitration was commenced and the arbitration proceedings had substantially progressed before the Receiver was appointed. [ROA.14-10857.4165-4166; ROA.14-10857.15528-15529.] A Receiver, like a bankruptcy trustee, is bound by non-executory contracts. *Hays & Co. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 855 F.2d 1149, 1153-54 (3d Cir. 1989); *Trefny v. Bear Steans Sec. Corp.*, 243 B.R. 300, 318 (S.D. Tex. 1999) ("The trustee-plaintiff stands in the shoes of the debtor for the purposes of the arbitration clause and the trustee-plaintiff is bound by the clause to the same extent as would be the debtor," quoting *Hays & Co.*).

In sum, the Receiver standing in the shoes of Stanford cannot invoke the protections of the Bankruptcy Code in clear contravention of the strong congressional mandate favoring arbitration. The district court erred in denying

Rawl's Motion to Compel Arbitration.

**b.    There is No Inherent Conflict Between the FAA and the Underlying Purposes of the Federal Equity Receivership.**

Distilled to its core, the Receiver's argument, adopted by the district court, simply appeals to general concepts of efficiency and economics to outweigh the overwhelming body of law favoring arbitration. Even if the relative weight of such efficiencies or costs are significant, a showing not proven on this record, they do not trump established law.

The Supreme Court has held that the FAA, "both through is plain meaning and the strong federal policy it reflects, requires courts to enforce the bargain of the parties to arbitrate, and 'not substitute its own views of economy and efficiency' for those of Congress." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217-18, 105 S.Ct. 1238, 1241 (1985). The FAA "requires district courts to compel arbitration of arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings, in different forums." *Id.* The lesson learned from Supreme Court precedent is that concepts of judicial economy are secondary to the strong federal policy favoring arbitration. *See Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 892 F.2d 1066, 1070-71 (D.C. Cir. 1990) ("It is clear from the *Mitsubishi* decision itself that a general public policy is not the type of external legal constraint that can make an arbitration clause unenforceable…. If the arbitrator construes the contract

11

so as to require someone to commit an illegal act, a court can then refuse to enforce the arbitrator's decision. A court cannot, however, bypass the arbitration process simply because a public policy issues might arise."); *Barker v. Halliburton Co.*, 541 F.Supp. 2d 879, 889 (S.D. Tex. 2008) ("All of these arguments address the wisdom of arbitration as a whole and more specifically arbitration of sexual harassment claims. Whether it is wise to send this type of claim to arbitration is not a question for this court to decide. District courts are bound to follow the precedents set by higher courts. And, that precedent is quite clear: Barker's claims are included within the ambit of claims proper for arbitration."); *Gill v. Jim Walter Homes of Louisiana, Inc.*, 187 F.Supp.2d 618, 625 (W.D. La. 2002) (observing that "the Supreme Court has explained that the only 'legal constraints external' to the arbitration agreement which are of significance are those evidencing 'a contrary congressional command'").

Congress has not expressed any intent to preclude an arbitration of claims simply because they are being pursued by a Receiver. Importantly, federal courts have enforced arbitration agreements in other federal equity receivership cases. *See, e.g. Moran v. Svete*, 366 Fed. App'x 624, 626 (6th Cir. 2010) (compelling a receiver to arbitrate fraudulent transfer and unjust enrichment claims); *Javitch v. First Union Sec. Inc.*, 315 F.3d 619, 627 (6th Cir. 2003); *U.S. Small Bus. Admin. v. Coqui Capital Mgmt.*, 2008 WL 4735234 at *2 (S.D. N.Y. 2008). The district

12

court erred in denying Rawl's Motion to Compel Arbitration.

## II.   The Collateral Estoppel Doctrine and Equity Preclude Re-Litigation of the Arbitration Clause and The Arbitrability of the Receiver's Claims Against Rawl

As a separate and independent ground, the district court erred in not applying the doctrine of collateral estoppel. Unlike other employee-defendants, the existence of a valid arbitration agreement between Rawl and Stanford, and the scope of that agreement, has already been decided by prior litigation. *In re Stanford Group Co.*, 273 S.W.3d 807 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  Although the district court acknowledged this factual and legal difference in a footnote, the district court erroneously concluded that collateral estoppel did not apply.   Contrary to the district court's conclusion, the arbitrability of the Receiver's claims against Rawl present a textbook application of the collateral estoppel doctrine.

### a.  Each element of Collateral Estoppel is Satisfied.

Under the doctrine of collateral estoppel, a party is precluded from raising an issue in a pending action if in the previous action (1) the party was cast as an adversary with respect to the same issue; (2) that issue was fully and fairly litigation; and (3) that issue was essential in the judgment rendered.  *John G. Marie Stella Kennedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002).  *See also Bradberry v. Jefferson County, Texas*, 732 F.3d 540, 548 (5th Cir. 2013).  The

applicability of collateral estoppel is a question of law subject to de novo review. *Kariuki v. Taranjo*, 709 F.3d 495, 506 (5th Cir. 2013).

**1.   The Receiver and Stanford are the same party under this Court's precedent.**

This first element is easily decided under this Court's holding in *Janvey v. Alguire*, 539 F.App'x 478, 479-80 (5th Cir. 2013), <u>cert. denied</u>, 134 S.Ct. 2871 (2014).  In rejecting the Receiver's claims brought against former employees in its role on behalf of third party investor creditors, this Court held that the Receiver has standing "to assert only the claims of the entities in receivership…" (*i.e.* Stanford). *Janvey v. Alguire*, 539 F.App'x at 480.  The district court approached the issue from a different direction, but with the same result.  The district court found that the Receiver was bound by the arbitration agreement as a nonsignatory, and recognized that there is no relevant distinction "between the Receiver's rights or obligations and the rights or obligations the Stanford Entities would have." [ROA.14-10857.16170-16218.] Thus, it is not subject to reasonable dispute that Rawl, on one hand, and the Receiver, standing in the shoes of Stanford on the other, were cast as adversaries on the questions raised by Stanford's Motion to Compel Arbitration in the prior state court litigation.  *See In re Stanford Group Co.*, 273 S.W.3d 807 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The first element of collateral estoppel is satisfied.

14

## 2. The issue of a valid arbitration and its scope was fully and fairly litigated.

There can be little doubt that the arbitrability of the claims between Rawl and Stanford was "fully and fairly" litigated in the prior state court action. As succinctly stated by the Houston Court of Appeals:

> The factual allegations asserted by Tidwell and Rawl reflect a dispute between Stanford Group on one side, and Tidwell and Rawl on the other side, which rose from Stanford Group's business activities in the securities industry… Once a party seeking to compel arbitration establishes that an agreement exists under the FAA and that the claims raised are within the agreement's scope, the trial court has no discretion but to compel arbitration and stay its proceedings pending arbitration (citation omitted).

*In re Stanford Group Co.*, 273 S.W.3d at 814-815.

In denying Rawl's Motion to Compel Arbitration, the district court relied on two arguments. The first argument points out that the state court litigation occurred before the appointment of the Receiver. However, if the Receiver "stands in the shoes" of Stanford for purposes of pursuing its claims, or is bound as a non-signatory as the district court states, then the fact the issue of arbitrability was decided pre-receivership is of no real import. It would be directly contrary to this Court's precedent if the Receiver is able to shed its cloak as the Stanford entities in its efforts to defeat arbitration. Only by placing "form over substance" does the district court's reasoning gain any traction.

The second point, referenced in the district court's reasoning, presents a more substantive argument.  The district court found that Rawl's "motion to compel arbitration of the Receiver's claims involve different claims and significantly different issues than the ones at issue in the state court action…." [ROA.14-10857.16170-16218.] However, any difference in the issues presented is merely superficial and illusory.

The issue is not whether the underlying claims brought by the Receiver are precisely the claims by Stanford against Rawl, or Rawl against Stanford, in the prior proceeding. (Certainly, in the scenario of Rawl against the Receiver, they are).  Rather, the defining question is whether the issue of arbitrability of the disputes between Stanford and Rawl, and vice versa, is covered by the scope of a valid arbitration agreement.  When analyzed from a proper perspective, it is a logical and necessary deduction that all disputes between Stanford and Rawl, involving employee compensation, loans or bonuses arising from Stanford business activities, are subject to arbitration and the prior final judgment disposing of this issue.

Moreover, even if the substance of the Receiver's claims is considered, the suggestion that the Receiver's claims are actually unrelated to Stanford's initial claims is in error.  In 2008, Stanford's arbitration demand against Rawl sought to recover all amounts due under the note and disgorgement of all compensation.

[ROA.14-10857.4165-4168.] When the Receiver initiated this action against Rawl in 2009, the Receiver was also seeking disgorgement of loans, commissions and bonuses. Albeit on different grounds, the nature of the relief requested by Stanford is in actuality no different than the relief being requested by the Receiver in this action. It should also not be lost in the analysis of this issue that Rawl will defend against the Receiver's claims based on the very same issues on which he was compelled to arbitration in the prior state court litigation.

Since the Receiver "stands in the shoes of Stanford," and the issue of arbitration was decided on all claims arising from the "business activities of Stanford," the only reasonable conclusion is that the arbitrability of the claims between the Receiver (*i.e.* Stanford) and Rawl, and vice versa, were decided by the prior state court litigation.

### 3.    The issue of arbitrability was essential to the prior judgment.

The third element of collateral estoppel is quite evident from a simple reading of the Houston Court of Appeals' opinion in *In re Stanford Group Co.* The existence of a valid agreement to arbitrate, and the scope of that agreement, was the only issue before the appellate court, and obviously essential to its order compelling arbitration. *In re Stanford Group Co.*, 273 S.W.3d at 815 ("We conditionally grant Stanford Group's writ of mandamus and direct the trial court to order Tidwell and Rawl to arbitrate their claims under the FAA.").

In summary, the elements of collateral estoppel are established on the face of this record. The issue of arbitration, like any other issue, can be the proper subject of collateral estoppel. *See e.g. CMH Manufacturing, Inc. v. The Warrior Group*, 2014 WL 3421000 (W.D. Tex. 2014).   The doctrine of collateral estoppel precludes the Receiver from relitigating the arbitrability of its claims brought against Rawl, and Rawl's claims against the Receiver (*i.e.* Stanford).  The district court erred in denying Rawl's Motion to Compel Arbitration, and this Honorable Court should order that the Receiver's claims against Rawl be submitted to arbitration.

## CONCLUSION

Because the Receiver, standing in the shoes of Stanford, availed itself of the arbitration forum by obtaining a state appellate court compelling arbitration of the claims between Rawl and Stanford, because there is a federal policy favoring arbitration, and because the Receiver fails to discharge his burden to show that Congress intended that the FAA should not apply to claims by a court-appointed receiver under TUFTA, the district court should have granted Rawl's motion to compel arbitration. This Court should reverse and remand with a mandate requiring the district court to grant Rawl's Motion to Compel Arbitration and Motion to Dismiss.  Rawl prays for general relief.

This the 17th day of December 2014.

Respectfully submitted,

*/s/ Mike O'Brien*

_____

Mike O'Brien
MIKE O'BRIEN, P.C.
14355 Highway 105
Washington, TX 77880
(713) 222-0088 Telephone
(713) 222-0888 Fax
mike@moblaw.com

*ATTORNEY FOR APPELLANT,*
*CHARLES W. RAWL*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of December, 2014, the foregoing Brief of Appellant, Charles W. Rawl, was filed using the United States Court of Appeals for the Fifth Circuit's ECF/CM system and the below listed counsel were served via the court's electronic Notice of Docket Activity or electronic mail pursuant to 5th Cir. R. 25.2.5:

Kevin M. Sadler (kevin.sadler@bakerbotts.com)
Scott D. Powers (scott.powers@bakerbotts.com)
Stephanie F. Cagniart (Stephanie.cagniart@bakerbotts.com)
BAKER BOTTS, LLP
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
*Attorneys for Appellee Ralph S. Janvey*

Edward C. Snyder (esnyder@casnlaw.com)
CASTILLO SNYDER, P.C.
300 Convent Street, Suite 1020
San Antonio, TX 78204
*Attorney for Appellee Official Stanford Investors Committee*

Bradley Wayne Foster (bradfoster@andrewskurth.com)
Matthew Griffith Nielsen (matthewnielsen@andrewskurth.com)
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, TX 75201
*Attorney for Appellants James R. Alguire, et al.*

Kim Bernard Battaglini (kbattaglini@strongpipkin.com)
STRONG PIPKIN BISSELL & LEDYARD, LLP
4900 Woodway Drive, Suite 1200
Houston, TX 77056
*Attorney for Appellant D. Mark Tidwell*

Carolyn Ruth Raines (carolyn.raines@godwinlewis.com)
GODWIN LEWIS, P.C.
1201 Elm Street, Suite 1700
Dallas, TX 75270
*Attorney for Appellant John D. Orcutt*

Jason Wayne Graham (jgraham@grahamjensen.com)
Theodore Brandon Welch (bwelch@grahamjensen.com)
GRAHAM & JENSEN, LLP
17 Executive Park Drive, Suite 115
Atlanta, GA 30329
*Attorney for Appellants Steve Slewitzke, et al.*

Michael John Stanley (mstanleylaw.com)
STANLEY, FRANK & ROSE, LLP
7026 Old Katy Road
Houston, TX 77024
*Attorney for Appellants Susana Anguiano et al; Juan Alberto Rincon and Luis Giusti*

John C. Porter (jporter@sbpllplaw.com)
Brian N. Smiley (bnsmiley@sbpllplaw.com)
SMILEY BISHOP & PORTER, LLP
1050 Crown Pointe Parkway, Suite 1250
Atlanta, GA 30338
*Attorneys for Appellants Alan Brookshire et al.*

Walter Perry Zivley, Jr. (pzivley@cmzlaw.net)
CHANDLER, MATHIS & ZIVLEY, P.C.
601 Sawyer, Suite 600
Houston, TX 77007
*Attorney for Appellants David Wayne Krumrey, et al.*

Monroe David Bryant, Jr. (dbryant@coxsmith.com)
COX SMITH MATTHEWS, INC.
1201 Elm Street, Suite 3300
Dallas, TX 75270

Mark Joseph Barrera
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
*Attorneys for Appellant Oreste Tonarelli*

> */s/ Mike O'Brien*
> _____
> Mike O'Brien

# CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.2 and 32.3, the undersigned certifies that this brief complies with the type volume limitations of Fed. R. App. P. 32.2(a)(7).

1. Exclusive of the exempted portions in Fed. R. App. P. 32(a)(7) and Fifth Circuit Rule 32.2, the brief contains 4,082 words.

2. The brief has been prepared in proportionally spaced typeface using:

   Software Name and Version:  MS  Word 2010
   Typeface Name:  Times New Roman
   Font Size:  14 point.

3. Pursuant to Fifth Cir. R. 31.1, an electronic version of the brief has been filed with the clerk.

4. The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7), may result in the court's striking the brief and imposing sanctions against the person signing the brief.

Dated:  December 17, 2014

*/s/ Mike O'Brien*
_____
Mike O'Brien

## ECF CERTIFICATIONS

I certify that the required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13, the electronic submission is an exact copy of the paper submission, and the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Mike O'Brien*

_____

Mike O'Brien